**Jacob B. KOCHUTIN, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–2714.

Court of Appeals of Alaska.

June 10, 1994.

Blair McCune and Linda Wilson, Asst. Public Defenders, and John B. Salemi, Public Defender, Anchorage, for appellant.

William H. Hawley and Robert D. Bacon, Asst. Attys. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS, J., and ANDREWS, Superior Court Judge.*

*OPINION*

BRYNER, Chief Judge.

In *Kochutin v. State,* 813 P.2d 298 (Alaska App.1991), this court reversed murder and sexual abuse convictions that the superior court had entered against Jacob B. Kochutin,

* Sitting by assignment made pursuant to article     IV, section 16 of the Alaska Constitution.

Jr.; we also remanded a separate sexual abuse conviction to the superior court for further proceedings. This court's decision was based in large part on the conclusion that the state had secured a confession from Kochutin in violation of the rule of *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). Our finding of an *Edwards* violation was in turn based on stipulated facts indicating that Kochutin had been in continuous custody from August 15, 1985, when he initially invoked his *Miranda*[1] right to remain silent, until August 13, 1986, when he was interviewed by the police.[2]

The state petitioned for hearing to the Alaska Supreme Court. While the petition was pending, the state received information indicating that Kochutin may not have remained in continuous custody in the interim between his invocation of the right to silence and his police interview. Accordingly, the state requested the supreme court to remand the case to this court to enable the state to file a petition for rehearing based on the new information. The supreme court granted the request and remanded to us.

On remand, we granted the state's petition for rehearing and, in turn, remanded to the superior court, directing that court to ascertain Kochutin's custodial status in the interim between August 15, 1985, and August 13, 1986, and to redetermine the suppression issue if it concluded that Kochutin had not been in continuous custody. In addition, we requested the superior court to investigate the circumstances surrounding the parties' failure to bring the correct facts to its attention and to determine whether any lack of diligence in this regard warranted issue-preclusive, monetary, or other sanctions against either party. We retained jurisdiction pending completion of proceedings on remand.

Superior Court Judge Karen Hunt conducted proceedings in compliance with our order of remand and subsequently entered written findings and conclusions determining that Kochutin had not remained in continuous custody during the period in question,

that suppression was not warranted in light of the break in continuous custody, and that, despite a lack of diligence on the part of both parties, no sanctions should be imposed. Thereafter, the parties completed an additional round of briefing and presented oral argument to this court addressing the appropriate disposition of the case in light of the proceedings on remand.

Before this court, Kochutin does not dispute the superior court's determination that he did not remain in continuous custody between August 15, 1985, and August 13, 1986. Instead, he maintains that continuous custody should not be a precondition of an *Edwards* violation. Kochutin acknowledges the substantial body of federal case law supporting the proposition that the *Edwards* rule requires continuous custody, *see, e.g., Kochutin*, 813 P.2d at 308 n. 1 (Bryner, C.J., dissenting), but points out that the United States Supreme Court has not itself endorsed the continuous custody requirement and argues that his case is factually distinguishable from prior cases in which the requirement has been upheld.

█ We find Kochutin's continuous custody argument unpersuasive. The continuous custody requirement has been universally recognized by federal courts of appeal and appears to be a well-established feature of the *Edwards* rule. Kochutin offers no cogent legal or factual reasons warranting rejection of the requirement in his case. Given the now undisputed break in custody that occurred in this case, Kochutin's August 1986 police interviews did not violate the *Edwards* rule.

Kochutin alternatively requests this court to adhere to its view that his *Miranda* waiver was involuntary, despite the break in custody. Kochutin correctly notes that this court's original opinion found his August 1986 *Miranda* waiver involuntary and concluded that the involuntariness would warrant suppression even if no *Edwards* violation had been found. *Kochutin*, 813 P.2d at 306–07. Kochutin is mistaken, however, in

---

**1.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**2.** The facts surrounding Kochutin's offense and subsequent interrogation are elaborated in our earlier opinion, see *Kochutin*, 813 P.2d at 300–02.

asserting that his continuous custody played no significant role in our ruling on the voluntariness issue.

■ In concluding that the state had failed to establish the voluntariness of Kochutin's statements to the police, this court relied on the "totality of the circumstances" in his case. *Id.* at 306. One prominent circumstance we expressly relied on was that the August 1986 police interviews occurred "while Kochutin *remained* incarcerated." *Id.* (emphasis added). In our view, the recently disclosed break in custody that occurred between August 15, 1985, and August 13, 1986, and the period of liberty Kochutin enjoyed during that break, militate strongly against the presumption that he was incapable of voluntarily waiving his *Miranda* rights when the authorities interviewed him in 1986. Given the break in custody, we conclude that the circumstances as a whole support the conclusion that Kochutin voluntarily waived his *Miranda* rights.

■ Kochutin advances a perfunctory argument that the state should have been precluded from relying on evidence of the break in continuous custody, given the state's failure to apprise the court in a timely manner of the true circumstances surrounding Ko-chutin's custodial situation. In our view, however, Judge Hunt's factual findings on remand concerning the circumstances surrounding disclosure of Kochutin's custodial status are not clearly erroneous. Based on those findings, Judge Hunt could properly conclude that issue-preclusive sanctions would be unwarranted under the circumstances of this case.

Kochutin lastly reminds us that our original decision reversing his convictions left unresolved a number of alternative arguments and points raised in his appeal. For the reasons expressed by the dissent to the original opinion, *Kochutin,* 813 P.2d 311–12 at nn. 5 & 6, we find no merit to Kochutin's remaining arguments.

Accordingly, upon rehearing, we VACATE our original opinion, and we AFFIRM the judgments of conviction entered below.

MANNHEIMER, J., not participating.